Good morning. May it please the Court, my name is Stephen Woodrow and I represent the plaintiff-appellant Daniel Walker. If I could, I'd like to reserve two minutes for rebuttal. Your Honors, in violation of the Fair Credit Reporting Act, specifically its requirement that employers give applicants and employees a stand-alone disclosure prior to conducting employee background checks, Fred Meyer's FCRA disclosure form is riddled with extraneous information. Furthermore, Fred Meyer's adverse action process is illusory and denies employees the ability to explain negative items directly to the company. Okay, I'm looking at the so-called disclosure form. It's got five paragraphs, except for the one that says, Please sign below. What paragraphs do you object to and why? Yes, Your Honor, and that is my first point. Contrary to the position taken in Fred Meyer's surreply that everything in the disclosure should be considered the disclosure itself, the simple truth is that the disclosure form contains no fewer than five extraneous items. First, the disclosure combines the disclosures for consumer reports with the disclosures required for investigative consumer reports. This I don't understand in the sense that my understanding is that an investigative consumer report is a subcategory of consumer report. Is that wrong? Your Honor, the statute says that investigative consumer reports are a type of consumer report, but Congress defined them separately in separate parts of the statute. It does, but it doesn't – it's a little strange to be quibbling with the fact that they said – were clearer than they had to be, essentially. I.e., if you don't tell a person who doesn't know anything about this that an investigative consumer report is also covered, then they might not think it is, right? But it is covered. Your Honor, I would think that they were less clear than they need to be. Congress made very clear that these two types of disclosures need to be provided separately. Consumer report disclosures are governed by Section 1681BB2 and must be provided before a report is requested. Congress, in a different part of the statute, 1681DA, said investigative consumer report disclosures are governed separately, and they can be provided up to three days after the investigative consumer report disclosure is ordered. that there's going to be an investigative consumer report or, what I thought was, it's included within the notice that you could do in consumer report, no? No, Your Honor. Congress plainly intended for these two disclosures to be made separately. Of course, the legislature could have combined these two types of reports in the statute. Somebody who agrees to have a – has to agree to have a consumer report but doesn't have to agree to have an investigative consumer report, even though an investigative consumer report is likely to be more intrusive and more likely to be objected to. They need to – they need to be provided certain disclosures under the statute. Right. But then what follows is an agreement, is an acquiescence, right? Yes, they need to authorize – They need to acquiesce in having an investigative consumer report. They do, but that authorization can potentially be combined, but the disclosure can't be combined. The disclosures have to be separate. It sends a different message to the applicant or employee that a consumer report, a background check is going to be done on them than the message that we are going to be looking at your references, your work history, and confusingly, any other information with public or private information sources. That goes – I mean, that gets into some other information, but as to the first sentence that says, one or more consumer reports or investigative consumer reports, are you saying that's a problem? That is a problem given the rest of the disclosure that goes on to describe the nature and scope of the investigative consumer report. Your Honor, Congress couldn't have been clearer, and this Court said the same in its recent Gilbert decision, that these solely means solely, and nothing else is supposed to go into the consumer report. Yes, Your Honor. Because it's a question of what is included in the requirement that they inform people that they're going to have consumer reports, right? Correct. Does it include the requirement that you inform people that you're going to have an investigative consumer report? And the answer is no, Judge, and we know that because Congress – And so therefore, it doesn't have to be an agreement to that either in advance? Not with the authorization that follows for normal consumer reports. Investigative consumer – So is there any requirement that there be a preauthorization in your reading of the statute of an investigative consumer report? No. The consumer needs to be provided the disclosure, and that disclosure can be provided up to three days after the investigative consumer report is over. That's a weird way to read the statute, though, because why would Congress be so concerned with people having to acquiesce in somebody looking at their credit history but not acquiesce in somebody going around talking to their neighbors and interviewing them? Your Honor – Why would anybody write a statute that way? Your Honor, the authorization can apply to both, and if this Court wants to read the statute as applying the authorization to both, that's fine, but the disclosures themselves must be made separately. But you're asking us to read the statute as if the statute is really stupid. Not at all, Judge. And I understand that sometimes Congress passes statutes that have the consequence of being stupid. I won't say Congress is stupid, but sometimes we get stupid statutes. This one seems to be – the reading you're proposing seems really stupid. That is to say, if the purpose is to warn someone that there are going to be some reports or report prepared to which you might have an objection, and we want to have an authorization beforehand, and we want the authorization to be based upon a very clear statement of what's going on, that's exactly what this first paragraph does. Your Honor, the rest of the disclosure contains more about the nature and scope of the investigative consumer report, so much so that it overwhelms the consumer report disclosure. The purpose of this law – Do you need to prevail on this particular statutory interpretation issue to prevail on your point that this says more? I mean, it seems to me that you still have paragraph 4 and 5 that isn't just a disclosure, even assuming that it's fine to include investigative consumer reports, maybe even preferable, and to explain what they are. That's not what paragraphs 4 and 5 are doing. Your Honor, I would agree. The disclosure contains a complete paragraph about GIS, including how to contact GIS by mail, phone, or Internet. It indicates that GIS may investigate a host of sources. It indicates that a consumer can inspect GIS's files, bring a friend, so long as the friend brings a proper ID. The GIS will provide trained personnel to decipher any codes that are in the report. That all goes well above what Congress said. The purpose of this statute is to protect privacy rights by providing applicants and employees with a clear, simple disclosure. Fred Myers goes well beyond that. I understand that it goes well beyond it in one sense, but as I read both paragraphs 4 and 5 that explain you may inspect the files, da-da-da-da-da, those paragraphs are designed to be helpful to the person who's signing. Your Honor, it's not necessarily that those paragraphs are helpful. Those paragraphs could lead someone to believe that it's part of the investigative consumer report disclosure. Also, the Gilbert Court rejected— Let's go back to the other problem. I'm trying to find out whether, if we disagree with you about whether the investigative consumer report disclosure is part of the disclosure, this is still surplusage. It is surplusage, Your Honor. Like I said, there are five things that are extraneous to the consumer report disclosure. The combining of consumer report disclosures and investigative consumer report disclosures into a single document is but one. All of this information detracts from the point of the statute, which is to let people know that a consumer report for employment purposes is going to be obtained. The Gilbert Court itself said that even helpful information could confuse consumers and that purpose, if purpose is to help, doesn't override the plain meaning. Solely means solely. They're not supposed to put anything else in these disclosures, and they do. Your Honor, I see that I'm under two minutes. Can I sit so I can reserve rebuttal? Can I just ask a brief question about your other argument, i.e., about there's some requirement to inform that he has a right to protest to his— I was struck by the fact that neither brief actually deals with the statute. There's nothing in the statute that says that. Is that correct? Your Honor, I believe it used to be in the statute, and what the case law has done is recognize— No, what used to be in the statute is the opposite, as I understand it, i.e., a provision that said that you don't have any right to talk with your employer, and now that's been limited to people covered by Department of Transportation authorizations. Your Honor, you're right. It isn't entirely emphatic from the statute. The statute says that you have to provide a— All right, but usually we apply statutes under the statute. I just wanted to know if I was missing something in the statute. No, Your Honor. It's the way the case law and the FTC guidance has followed. Let's hear from the other side, and you'll get a chance to respond. Thank you. Good morning, Your Honors, and may it please the Court. I'm Faith Whitaker on behalf of Fred Meyer Incorporated. What appellant is seeking the Court to do would actually cause more harm than good for consumers. The limited reading— The problem is that we have case law that is really tough on this. Now, I understand that the facts of those cases had more complicated disclosures than this one, but the announced rules of law are tough and rigid and non-forgiving. So, given that, how does this work? Yes, Your Honor, our position is that the term disclosure in 1681 BB2A is ambiguous. There's no definition in the statute. There's no form provided by Congress or the Bureau. And a simple definition of— What isn't ambiguous is what the disclosure is supposed to be about, i.e., that they may do a consumer report. So, assuming that the first paragraph may fit within that because it includes investigative disclosure reports and gives some clue of what that means, how does 4 and 5 fit in that? Yes, Your Honor, our position is that this disclosure is proper because it goes along with the purpose of the statute to provide the consumer enough information to be able to determine whether or not they want to authorize. But that's not what the statute says, and that's not what Gilbert says the statute says. Yeah, it doesn't seem to comply with Gilbert, does it? Your Honor, actually, Gilbert had in its entirety—they assessed the disclosure. And in that disclosure, they actually referenced not only the investigative consumer report combination, but they also referenced the consumer's right to seek a copy of the report and discuss the report. And the court in Gilbert, at least implicitly, did not take issue with that information in the disclosure. And our position is that our disclosure is an understandable five-paragraph disclosure that provides the consumer with enough information to be able to properly authorize whether or not they want Fred Meyer to obtain their personal information. Otherwise, we're reading a simple statement that just says, we will obtain a consumer report for employment purposes. That does not provide enough information for a consumer. Most consumers do not even know they are a consumer or what a consumer report is. And our position is if we have that sort of limited version, it would render the authorization essentially meaningless and be unclear because it's not understandable. As far as the investigative consumer report and the consumer report combination, our position is that it is more clear and concise to have the disclosure, that information in one disclosure, saying that we could do this. We're not saying we will do it for sure, but we could get this information. And the investigative consumer report is a subpart. The definition is actually a consumer report or portion thereof only obtained via interviews. And so we're giving the consumer information to be able to determine, do I want to be able to release this information? Your argument really is, as I read Gilbert, pretty much the same as the argument that was made in Gilbert, you know, that the extraneous information in that form further rather than undermine the FCRA's purpose. I mean, you're making the same argument. But in Gilbert, you know, when it says stand-alone, it means stand-alone. Your Honor, we are trying to determine more specific. I mean, how do we get around Gilbert is my question, if we follow your argument. Yes, Your Honor. We're not asking the court to overturn Gilbert or Syed. What we're asking the court to do is to determine what is a permissible disclosure because that term is ambiguous as it's not defined. And clearly with all of the case law, there has been so much on. To start with, the permissible disclosure is required to be a stand-alone document. That's what Gilbert says. Yes, Your Honor. And your argument, I mean, this five-paragraph form is not a stand-alone document. Your Honor, we would submit that this is a stand-alone document because this contains what should be a disclosure by looking at statute's purpose, which is to protect consumers' privacy rights to ensure the accuracy of reporting and the efficiency of correcting errors. And we submit that this should be considered a disclosure under the Act, which would be a stand-alone document. But the problem is that the statute says what the disclosure is supposed to be. You say it doesn't, but it does. Exclosure that a consumer report may be obtained for employment purposes. And it seems to me that it's arguable that the information that you provide as to what a consumer report is may come within that, but the information about dealing with GIS and so on has nothing to do with it. It has something to do with it, but it's not that. It's something else. Your Honor, and I understand what you're saying. Our position, though, is that as soon as we start adding in any layers on top of that one statement that it could be obtained for employment purposes, that a consumer report, then we're starting to add more information. And our position is that the information that we're providing, obtaining the copy of the report, is, again, helping the consumer to be able to determine. I mean, you're, as Judge Fletcher began, suggesting that the statute is perhaps the wisest statute in the world, but you're not explaining why it comes within the statute. Your Honor, because the term disclosure, we are submitting that it is not defined. It's not a term disclosure. It's disclosure that. It says what the disclosure is. It doesn't just say disclosure. It says disclosure that a consumer report may be done. That's the disclosure. So we do know what the disclosure is. It's not a mystery. And our position is that adding in the information that we have will allow the consumer to properly authorize whether or not he or she wants us to obtain a copy of their information. I assume that your company has no particular interest in this going forward, right? You just assume. I'd be happy to have a shorter disclosure form, right? The problem is that there is retroactive liability. Is that the problem? I mean, you wouldn't care if you just left off those paragraphs and that's what you're supposed to do. The purpose was to, again, give as much information to the consumer. I mean, all that is doing is helpful, and especially the if paragraph on the end is talking about if we do this, then you have this right to disclose it. We combine them. I mean, practically what happens is sometimes whether when the consumer reporting agency is actually going to get a typical reference. Another thing they're complaining about, which is extraneous, is this requirement that they acknowledge your receipt of this disclosure. That's not in the disclosure, and you have another page in which they have to either agree or not agree to do this. So that could be confusing because they may not understand what the purpose of this signature on here is, which is a different signature than on the next page. Your Honor, it just says, please sign below to acknowledge your receipt of this disclosure, and we're trying to make sure we track that the consumer did in fact receive the disclosure. Otherwise, then it could be his word or her word against ours that they didn't actually receive it, and so this is simply just making sure that we have covered his receipt of it. As far as the pre-adverse action issue, if I could address, there is nothing in the statute that mandates what Mr. Walker is asking of the court. The history of this is there is a provision with regard to certain employees that says specifically there is no right to deal with your employer, but it only covers certain employees as I understand it. And I'm just wondering what the history of that is. One of the advice letters from the FTC suggests that that, from 1997 or something, says that that provision seems to think that provision used to apply to everybody. Is that accurate? Do you know what the story is? Your Honor, the only thing I do know is just in 1996, the amendment added in the provision of 1681 BB3 and added that the employer, prior to taking the adverse action, based in whole or in part on a consumer report, needs to provide two things, a copy of the consumer report and a summary of rights, which is issued by the FTC. There's no dispute here that we've done that. As far as the history, I mean it was to promote privacy and to protect the consumer's accuracy of reporting. And so we have done what is required of the statute. And Mr. Walker is asking us to read into another mandate that's just simply not required. As I understand the argument made by your adversary, in order to comply with the statutory requirements, you've got to give two different forms, one of them beforehand with consumer report and the other one no later than three days as to the consumer investigative report. You could obviously comply with his reading of the statute by providing two different forms on the same day. Would you sign this with respect to consumer report? Would you sign this with respect to consumer investigative report? So although it's a pain in the neck and it requires two pieces of paper rather than one, it's fairly easy to comply with. Maybe I have to read the statute that way, but it's really stupid. Your Honor, Mr. Walker already takes issue with us providing several pieces of paper for onboarding, and this would just be another piece of paper that essentially says the main thing. I just said. Yes. But my understanding with respect to the consumer investigative report is that you have to provide a disclosure afterwards of what was actually done, not just that it was done. You could do it before or you have three days after. Before you're not going to be able to say what was actually done. Correct. Well, you have to disclose it either before or three days after, and then you have to, upon the consumer asking for the nature and scope of the interviews, then you have to provide those. I think that's within five days. I see that my time is up. Thank you very much. Okay. Thank you. Thank you, Your Honors. Just two quick points on rebuttal. First, I check the statute 1681-DA, the investigative consumer report disclosure provision, does not require an authorization. Is it stupid? Perhaps. But it's the law. What provision is that, please? 1681-DA. 1651? 1681-DA. And, Your Honor, in the words of President U.S. Grant, I can think of no better way to effectuate the repeal of a bad law than its most strident execution. The law is the law, and it's not the court's job to revise what Congress has said. So while it might not make the most sense that one would need to authorize a consumer report, but not an investigative consumer report, that was left to the judgment of the legislature. Congress said these two types of reports must be disclosed separately, and Fred Meyer wants an implied exception to allow for helpful information. Gilbert says no. There's no allowance for that. The document doesn't stand alone. Fred Meyer reads disclosure too broadly, so that anything helpful or arguably helpful or arguably related is okay. Congress disagreed. It is a straightforward and simple statute to comply with. It is unclear why businesses seem to have such trouble with it. Maybe its clarity is too overwhelming, but the point is that the statute specifies what needs to be disclosed, and it must stand alone, and this does not. Thank you. Thank you. I thank both sides for their arguments. Walker v. Fred Meyer submitted for decision. And thank both of you for coming a fairly long distance to Anchorage. I hope you enjoy the weather and your stay here. Absolutely. Okay. Okay. The next case on the calendar this morning, Pacific Corp. v. Bonneville, or U.S. Department of Energy.
judges: Tashima, W. Fletcher, Berzon